UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                        Plaintiff,

                -against-

SELECTIVE INSURANCE COMPANY OF AMERICA,

                        Defendant.
------------------------------------------------------------------X

Case No.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against SELECTIVE INSURANCE COMPANY OF AMERICA ("Selective"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Selective is obligated to defend and indemnify Henegan Construction Co., Inc. ("Henegan") in connection with an underlying action claiming injuries allegedly sustained by Thomas Lee (the "Claimant").

2. The Claimant's incident allegedly occurred on or about October 23, 2020 at 32 Old Slip, New York, NY 10005 (the "Project").

## PARTIES

3. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

4.  Upon information and belief, at all times relevant hereto, Selective was and is a New Jersey corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

7.  An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Selective.

8.  Plaintiff Travelers has no adequate remedy at law.

## THE INSURANCE POLICIES

9.  Travelers issued an insurance policy to Henegan providing commercial general liability coverage for the policy period August 15, 2020 through August 15, 2021 under policy no. DT1N-CO-3H023370-TIA-20 (the "Travelers Policy").

10. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. Upon information and belief, Defendant Selective issued an insurance policy to International Office Concepts USA Inc. ("IOC") providing commercial general liability coverage with policy no. 22209238, effective on October 23, 2020 (the "Selective Policy").

12. Upon information and belief, IOC Project 5, LLC is an insured under the Selective Policy.

13. Upon information and belief, subject to certain terms, conditions, and exclusions, the Selective Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. Upon information and belief, subject to certain terms, conditions, and exclusions, the Selective Policy provides additional insured coverage to Henegan where IOC agrees by contract to procure such coverage.

15. Upon information and belief, subject to certain terms, conditions, and exclusions, the Selective Policy provides additional insured coverage to Henegan where IOC Project 5, LLC agrees by contract to procure such coverage.

## BACKGROUND FACTS

16. Henegan was the general contractor at the Project.

17. Henegan entered into a purchase order agreement with IOC Project 5, LLC dated November 6, 2019 in which IOC and/or IOC Project 5, LLC agreed to perform and/or supply certain services for the Project (the "Purchase Order").

18. Pursuant to the Purchase Order, IOC and/or IOC Project 5, LLC agreed to procure commercial general liability coverage for Henegan on a primary and non-contributory basis. A true and correct copy of the Purchase Order is annexed as **Exhibit** "**A**."

19. Upon information and belief, IOC and/or or one of its affiliates or subsidiaries entered into an agreement with Elite Union Installations, LLC ("Elite") for certain services at the Project.

20. The Claimant alleged that he sustained injuries at the Project while performing work in the course of his employment with Elite on or about October 23, 2020.

21. By a complaint filed on or about March 24, 2023, the Claimant commenced an action captioned *Thomas Lee v. Henegan Construction Co., Inc., et al.*, pending in the Supreme Court of the State of New York, County of New York, Index No. 152774/2023 (the "Underlying Action").

22. The Underlying Action seeks recovery for the Claimant's injuries from an underlying workplace accident based on theories of negligence, negligent hiring, and violations of New York Labor Law §§ 200, 240(1) and 241(6). A true and correct copy of the Complaint from the Underlying Action is annexed as **Exhibit** "**B**."

23. Upon information and belief, the Selective Policy contains endorsement CG 73 00NY 0119 which states the following:

**Blanket Additional Insureds - As Required By Contract**

Subject to the **Primary and Non-Contributory** provision set forth in this endorsement, **SECTION II - WHO IS AN INSURED** is amended to include as an additional insured:

**A. Owners, Lessees or Contractors/Architects, Engineers and Surveyors**

**1.** Any person or organization for whom you are performing operations when you and such person or organization have agreed in a written contract, written agreement or written permit that such person or organization be added as an additional insured on your commercial general liability policy: and

**2.** Any other person or organization, including any architects, engineers or surveyors not engaged by you, whom you are required to add as an additional insured under your policy in the contract or agreement in Paragraph **1.** above:

Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **a.** Your acts or omissions; or
    **b.** The acts of omissions of those acting on your behalf;
in the performance of your ongoing operations performed for the additional insured in Paragraph **1.,** above.

## TENDER TO SELECTIVE

24. By letter dated March 23, 2021, Travelers tendered to Selective on behalf of Henegan, seeking additional insured status under the Selective Policy.

25. By correspondence dated April 28, 2023, Travelers renewed its tender to Selective.

26. By a letter dated June 15, 2023, Selective denied Travelers' tender.

27. Selective's June 15, 2023 letter cites and quotes endorsement CG 73 00NY 0119.

28. Selective has failed to meet its obligation to defend and indemnify Henagan as an additional insured in the Underlying Action.

## TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF AS AGAINST SELECTIVE

29. Travelers repeats and realleges the allegations contained in paragraphs 1-28 above as if set forth here in their entirety.

30. Henegan qualifies as an additional insured under the Selective Policy.

31. Henegan is entitled to a defense under the Selective Policy issued to IOC, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

32. Coverage provided to Henegan by the Selective Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

33. Selective has refused to provide coverage to Henegan with respect to the Underlying Action.

34. Accordingly, Travelers seeks a declaration that Selective has an obligation to defend and indemnify Henegan as additional insureds; that the coverage provided by the Selective Policy to Henegan is primary; and that the obligations of Travelers to Henegan in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Selective Policy.

35. In addition, Travelers seeks an award at law and in equity against Selective for recovery of all sums Travelers has incurred in defense of Henegan in the Underlying Action because the coverages provided by the Selective Policy are primary to any coverage provided by Travelers.

**PRAYER FOR DECLARATORY RELIEF**

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Selective Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Selective Policy have been complied with and met.

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Selective Policy.

4. Declaring that Defendant Selective owes a duty to defend Henegan in connection with the Underlying Action.

5. Declaring that Defendant Selective owes a duty to indemnify Henegan in connection with the Underlying Action.

6. Declaring that Defendant Selective's coverage obligations to Henegan in connection with the Underlying Action are primary.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy to Henegan are excess and non-contributory to those of Defendant Selective with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Selective with respect to Selective's duty to defend and to indemnify Henegan in

connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Selective for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 29, 2023

USERY & ASSOCIATES

By: */s/ Tung Sing Wong*
Tung Sing Wong
*Attorneys for The Travelers Indemnity Company of America*
Direct: 917.778.6429
Fax: 844.571.3789
Email: twong2@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017